**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **MYKLE APHRODITE** | § | |
| **(McLennan County #0192074)** | § | |
| | § | |
| **V.** | § | **W-26-CA-047-ADA** |
| | § | |
| **STATE OF TEXAS** | § | |

**<u>ORDER</u>**

Before the Court is Mykle Aphrodite's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Aphrodite alleges that he has been unlawfully charged and is being unlawfully held in jail in violation of his due process rights. Aphrodite seeks the dismissal of his state charges and to be discharged from custody.

A state pretrial detainee may seek a federal writ of habeas corpus under 28 U.S.C. § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973). Although Aphrodite meets the first prerequisite for review because he alleges he is presently confined in McLennan County Jail, he does not meet the second criteria

1

because it is apparent from his petition and the state court records that the Texas Court of Criminal Appeals has not considered an application for habeas corpus relief from Aphrodite in state court.

It is well established that a state prisoner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Braden*, 410 U.S. at 490-91).

The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). In the pre-conviction context, a Texas prisoner may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. See TEX. CODE CRIM. PROC. § 11.08. If the trial court denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to an intermediate state appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d

951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981)).

In the present case, Aphrodite has not presented his claims to the Texas Court of Criminal Appeals in a habeas corpus petition. The Court ordered Aphrodite to show cause why his petition should not be dismissed for failure to exhaust. Aphrodite responded and contends that he is time-barred from pursuing his state court remedies. He admits, however, that he has submitted nothing challenging his detention in any state court whatsoever.

Thus, based on Aphrodite's own statements, and the state court records, it is clear that there has not yet been any fair presentation of Aphrodite's claims to the state's highest court, and thus, the state courts have not had the initial opportunity to pass upon and correct any alleged errors of federal law. Further, Article 11.08 of the Texas Code of Criminal Procedure does not set a specific deadline for filing a petition in state court except to note that the person filing must be in custody for a felony, which Aphrodite indisputably is. Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist. *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). Exceptional circumstances exist when the state system inordinately and unjustifiably delays review of a petitioner's claims if such a delay is "wholly and completely the fault of the state." *Id.* at 795-96 (citations omitted). Aphrodite has not pled any facts that constitute exceptional circumstances. Thus, the Court finds that Aphrodite has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

Therefore, the Court dismisses Aphrodite's Application for Writ of Habeas Corpus without prejudice for failure to exhaust available state court remedies.

**CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right "in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2241 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), *citing Slack*, 529 U.S. at 484. Accordingly, the Court shall not issue a certificate of appealability.

It is therefore **ORDERED** that the Application for Habeas Corpus Relief under 28 U.S.C. § 2241 (#1) is **DISMISSED**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on March 4, 2026

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE